NEW YORK TELEPHONE CO. v. TREAT.

(Circuit Court of Appeals, Second Circuit.  April 19, 1904.)

No. 163.

1. INTERNAL REVENUE—WAR REVENUE ACT—TAX ON TELEPHONE MESSAGES.

Under the war revenue act of June 13, 1898, c. 448, § 25 (30 Stat. 460), which imposes a tax of 1 cent on telephone companies for each message transmitted over their lines for which a charge of 15 cents or more is imposed, a company is subject to the tax on messages transmitted under contracts with subscribers by which each pays $90 per year for the right to send not to exceed 600 local messages during the year.

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to the United States Circuit Court for the Southern District of New York, to review a judgment in favor of the defendant in error, who was defendant below, entered upon the finding of the Circuit Judge, a jury trial having been waived.

The action was brought to recover $21,492.75 and interest, collected by the defendant, as collector of internal revenue for the Second District of New York, as a tax upon telephone messages under the war revenue act of June 13, 1898, c. 448 (30 Stat. 448, 460). Section 25 of said act contains the following:

"Telephone Messages: It shall be the duty of every person, firm or corporation owning or operating any telephone line or lines to make within the first fifteen days of each month a sworn statement to the collector of internal revenue in each of their respective districts, stating the number of messages or conversations transmitted over their respective lines during the preceding month for which a charge of 15 cents or more was imposed and for each of such messages or conversations the said person, firm or corporation shall pay a tax of one cent; provided, that only one payment of said tax shall be required, notwithstanding the line of one or more persons, firms or corporations shall be used for the transmission of each of such messages or conversations."

The plaintiff is a corporation, engaged in the telephone business in the city of New York and the amount stated above was collected by the defendant, under the said section, as a tax upon messages transmitted by the plaintiff between July 13, 1898, and May 1, 1899. During this period there were in existence in the city of New York contracts for limited telephone service made by the plaintiff with its subscribers by which it agreed to transmit a given number of messages for a stated sum which averaged 15 cents per message. For instance, when the number of messages was limited to 600 the price paid per annum was $90, and 10 cents for each message in excess of 600.

These contracts were headed

"Contract for Telephone Service.

"(Direct Line—Message Rate)."

The first paragraph is as follows, the words "six hundred," "ninety" and "ten" having been inserted in order that its purport may be better understood:

"The subscriber requests the New York Telephone Company (herein styled

the 'Company') to establish at ———— Borough of Manhattan, in the City of New York, a telephone station and furnish service for one year from the first day of the month following the connection of the station, and thereafter until this contract is terminated as herein provided; and agrees to pay for the right to send in said year *six hundred* local messages, *ninety* dollars, payable quarterly in advance; for additional local messages *ten* cents each, payable as herein provided; for the fraction (if any) of the month in which the station is connected proportionately at said annual rate; and for foreign messages such tolls as are now or may be established, payable monthly."

Under these contracts if 600 messages were sent it would be at the rate of 15 cents per message; if less than 600 were sent it would necessarily be at the rate of more than 15 cents per message. In no instance was the tax collected where the rate charged was less than 15 cents.

Melville Egleston and C. Walter Artz, for plaintiff in error.
Henry A. Wise, Asst. U. S. Atty., for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The war revenue act provides that every telephone company shall pay a tax of 1 cent on every message transmitted over its line for which a charge of 15 cents or more was imposed. The defendant has collected this tax and nothing more.

If the contracts under discussion, between the plaintiff and its subscribers, had been drawn for the express purpose of bringing them within the terms of section 25 of the act of June 13, 1898, c. 448 (30 Stat. 460), language more apt could scarcely have been selected. Of course the transmission of the message necessitated the use of the company's books, apparatus lines, etc., but this is equally true where the sender enters a public pay station and pays a stated sum for the message he is about to transmit.

It is undoubtedly true that the plaintiff could have so drawn the contract as to avoid the payment of the tax. The private installation, the directory listings and the other advantages enumerated in the plaintiff's brief, might have been included as part of the consideration, but the short answer is that they were not so included.

The contract is perfectly plain; there is no ambiguity, no necessity for interpretation, no room for construction. The subscriber "agrees to pay for the right to send in said year 600 local messages $90, payable quarterly in advance." If to these quoted words the clause "or at the rate of 15 cents for each message" had been added, or if the subscriber had agreed to pay "15 cents each for 600 messages," the contract would not have expressed more clearly the understanding of the parties that they had made "a message rate" contract and that the $90 was paid for the right to send 600 local messages.

The contract defines a local message as follows:

"A local message is a personal communication five minutes or less in duration, from said station to another station connected with an exchange of the company in said borough."

Again, it provides that:

"The rate for local messages for each year succeeding the first, payable quarterly in advance, shall be in accordance with the schedule in force at the beginning of such year, and shall be computed from the number of such messages sent from such station during the preceding year, but the rate shall not

exceed that prescribed by the schedule in force at the beginning of the preceding year unless," etc.

Without quoting further from the contract we are of the opinion that the parties were dealing with local messages as the subject-matter of their agreement and that the privileges accorded the subscriber, enumerated in the plaintiff's brief, were only the necessary ingredients of and incidents to the agreement to transmit the 600 messages.

The right to use all the apparatus required to transmit the message is implied, just as the use of the messengers, wagons and cars of an express company is implied when a given sum is paid for the transmission of a package; just as the right to use the conveniences of the company's railway carriages is implied when a passenger procures a commutation ticket entitling him to so many stated trips between two stations on the company's line.

There is nothing ambiguous about the law and it is not permissible for us to take into consideration the legislative intent in order properly to interpret the enactment. It needs no interpretation. What the lawmakers intended to do is immaterial when what they actually did do is free from doubt.

The judgment is affirmed with costs.